# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE CHAPMAN**, individually and as Natural Guardian of D.X.C., : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **JORDAN D. MILLER**, *et al.*, : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:10-CV-0524** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 15th day of February, 2011, upon consideration of the motion in limine (Doc. 14) of defendants Jordan Miller, Kristofer Lerch, IPC International, Inc., Mark Noble and Mark Geesaman to preclude plaintiffs from offering any evidence or testimony at trial that any training provided to the security officers was incorrect or inadequate, wherein defendants anticipate that plaintiffs will call Swarta Police Officer Bloss, who has not been offered as an expert witness in this matter, to testify as to the training he received as a police officer and to contrast it to the training provided by IPC International to its security officers, and wherein defendants assert that such testimony constitutes improper opinion testimony by a lay witness in violation of Federal Rule of Evidence 701, see FED. R. EVID. 701 (stating that opinions or inferences of a lay witness are limited to those which are "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the

scope of Rule 702"), and that the adequacy of IPC International's training, training materials, and procedures require an opinion based on scientific, technical and/or specialized knowledge which can only be offered by an expert witness, see FED. R. EVID. 702, and upon further consideration of plaintiffs' response thereto (Doc. 27), in which plaintiffs state that Officer Bloss will not be called as an expert but rather "to testify to his instructions to D.X.C., any other instructions he gave Defendant Security Officers, any statements he made or heard others make, and his personal observations of D.X.C.'s condition after being restrained by the Defendant Security Officers, as well as other matters" (Doc. 27, at 3), and it appearing that such testimony does not involve reference to ICP International's training or training procedures or the training received by Officer Bloss,[1] and that such testimony falls squarely within the realm of lay testimony permitted by Federal Rule of Evidence 701, see FED. R. EVID. 701, it is hereby ORDERED that defendants' motion in limine (Doc. 14) is DENIED without prejudice to defendants' right to renew the request at trial.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiffs do not describe what "other matters" to which Officer Bloss will testify. The court declines any request to engage in conjecture with respect to these other matters. Should that testimony involve improper opinion, defendants may object to its presentation at trial.