# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE CHAPMAN**, individually and as Natural Guardian of D.X.C., : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **JORDAN D. MILLER**, *et al.*, : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:10-CV-0524** <br><br> **(Judge Conner)** |

## **ORDER**

AND NOW, this 15th day of February 2011, upon consideration of the motion in limine (Doc. 18) of defendants Jordan Miller, Kristofer Lerch, IPC International, Inc., Mark Noble and Mark Geesaman to preclude plaintiffs from offering any evidence or testimony at trial that any medical, psychological or psychiatric diagnoses or symptoms of the plaintiff were caused by the incident, wherein defendants assert that expert medical testimony is required to establish with a reasonable degree of medical certainty that the injury in question stemmed from the complained of act, see Niklaus v. Vivadent, Inc., U.S.A., 767 F. Supp. 64, 66 (M.D. Pa. 1991) (citing Hamil v. Bashline, 392 A.2d 1280, 1285 (Pa. 1978)), and further assert that no expert has been offered to substantiate or causally link D.X.C.'s injuries to the incident, and, thus, any such testimony would constitute improper lay witness opinion,[1] and upon further consideration of plaintiffs'

---

[1] Defendants assert that plaintiff D.X.C. testified at his deposition that his only symptoms from the incident were burning/blurred vision, temporary dizziness and headaches, but plaintiffs' interrogatories answers indicate claims of short term

response (Doc. 29), wherein plaintiffs contend that expert medical testimony is unnecessary where the injuries are "immediate and direct" or the "natural and probable" result of the complained of act such that they are so closely connected and readily apparent that a layman could diagnose the causal connection, see Niklaus, 767 F. Supp. at 66 (citing Lattanze v. Silverstrini, 448 A. 2d 605, 608 (Pa. Super. Ct. 1982)), and claim that D.X.C. will testify to his physical injuries which were apparent to the naked eye and demonstrable through photographs provided in discovery, and to the emotional impact of the incident,[2] but not claim the incident resulted in a diagnosis or aggravation of any prior disorder, and the court concluding that such evidence does not require expert medical testimony because it is "immediate and direct," see id., and thus within the proper realm of lay witness testimony, it is hereby ORDERED that defendants' motion in limine (Doc. 18) is DENIED without prejudice to defendants' right to object to any improper opinion testimony at the time of trial.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

memory loss, anxiety, severe headaches, and breathing problems. (Doc. 19, at 5; id. Ex. A). Defendants contend that plaintiffs provided no expert testimony to corroborate the injuries asserted in the interrogatories and that the alleged injuries contradict D.X.C.'s deposition testimony. (Doc. 19, at 5).

    [2] Plaintiffs correctly note that to the extent D.X.C.'s trial testimony contradicts his deposition testimony, defendants may impeach him on the witness stand.