# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE CHAPMAN**, individually and as Natural Guardian of D.X.C., : : : **Plaintiffs** : : v. : : **JORDAN D. MILLER**, *et al.*, : : **Defendants** : | CIVIL ACTION NO. 1:10-CV-0524 (Judge Conner) |

## **ORDER**

AND NOW, this 15th day of February 2011, upon consideration of the motion in limine (Doc. 15) of defendants Jordan Miller, Kristofer Lerch, IPC International, Inc., Mark Noble and Mark Geesaman, wherein defendants seek to preclude plaintiffs from offering at trial the testimony of the Honorable Lawrence F. Clark, Jr. ("Judge Clark") of the Court of Common Pleas of Dauphin County, and/or the transcript of his comments from the criminal hearing of D.X.C., on grounds that such testimony/transcript is improper expert testimony, will mislead and confuse the jury, includes inappropriate conclusions of law, and does not constitute *res judicata*,[1] and upon further consideration of plaintiffs' brief in opposition (Doc. 28),

---

[1] At the criminal hearing of D.X.C., Judge Clark directed the following statements to Jordan Miller:
> Young man you have no authority to do what you did. What you did is false arrest. It is absolutely unconstitutional and illegal and you are lucky you don't get arrested. You had no authority to go out there and take this young man back into that premises whatsoever. You are likely going to get sued, and the Mall security, and you are going to richly deserve it, because what you did is outrageous.

(Doc. 15, Ex. A, at 20-21). Defendants assert that presenting the statements of

in which plaintiffs do not object to precluding calling Judge Clark as an expert witness, but state that the acquittal of D.X.C. by Judge Clark, *without reference to his commentary*, is relevant and probative on the issue of malice and lack of probable cause for prosecution (id. at 3-4), and that Judge Clark's ruling is *res judicata* with respect to the Fourth Amendment claim (id. at 4-5),[2] and the court concluding that Judge Clark's commentary involves conclusions of law that would improperly influence and confuse the jury, see FED. R. EVID. 403 (stating that

---

Judge Clark, who presided over plaintiff's criminal hearing, will mislead, prejudice, and improperly influence the jury, and "confuse the jury and detract from the instructions of the actual trial judge." (Doc. 21, at 3). Furthermore, defendants assert that such statements represent conclusions of law, which is the function of the jury. (Id. at 4).

Defendants further assert that the commentary does not constitute *res judicata* because the comments or observations were made in a criminal proceeding brought against the plaintiff, the proceeding was not about the constitutionality of defendants' actions and defendants were not parties in the criminal action. (Id. at 5-6).

*Res judicata* precludes re-litigation of a cause or claim decided on the merits in a prior action. See Cromartie v. Pa. Bd. Of Probation and Parole, 680 A.2d 1191, 1196 (Pa. Cmwth. Ct. 1996). For the doctrine of *res judicata* to apply, the court must find concurrence of: (1) identity in the thing being sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. Jordan v. Gore, 431 A.2d 300, 302 (Pa. Super. Ct. 1981).

[2] Plaintiffs assert that due to a nuance in the proceedings before Judge Clark, his ruling is *res judicata* with respect to plaintiffs' Fourth Amendment claim. (Doc. 28, at 4-5). At the criminal hearing, Judge Clark asked counsel for D.X.C. if he had a motion, to which counsel replied that he had a motion to dismiss based on the Fourth Amendment. (Doc. 15, Ex. A, at 20-21). Judge Clark then stated "I am going to grant it. I will tell you why on the record." (Id.) He then proceeded to make the statement set forth in note 1 *supra*. According to plaintiffs, the motion to dismiss was based and granted on Fourth Amendment grounds, and given that defendant Miller testified at the hearing and is defendant in the present matter, the elements of *res judicata* are met. (Doc. 28, at 4-5).

2

relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"), and that the commentary is not *res judicata* on defendants' Fourth Amendment liability because it does not represent a final judgment on the merits of the Fourth Amendment claim, and defendants in this civil action were not parties to the criminal action, nor represented by counsel, or given the opportunity to present evidence in their defense, see Jordan v. Gore, 431 A.2d 300, 302 (Pa. Super. Ct. 1981) , but the court further concluding that the fact of the acquittal of D.X.C. in the criminal proceeding before Judge Clark is relevant and admissible, see FED. R. EVID. 402, it is hereby ORDERED that defendants' motion in limine (Doc. 15) is GRANTED in part, and DENIED in part as follows:

1. The motion is DENIED to the extent that it seeks to exclude evidence of the fact of acquittal of D.X.C. in the criminal matter before Judge Clark.

2. The motion is GRANTED in all other respects. Plaintiffs may not introduce testimony of Judge Clark as an expert, nor the record commentary of Judge Clark's statements to defendant Miller.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge