# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE CHAPMAN, individually and as Natural Guardian of D.X.C., : : : **Plaintiffs** : : v. : : **JORDAN D. MILLER**, *et al.*, : : **Defendants** : | CIVIL ACTION NO. 1:10-CV-0524 **(Judge Conner)** |

## **ORDER**

AND NOW, this 15th day of February 2011, upon consideration of the motion in limine (Doc. 17) of defendants Jordan Miller, Kristofer Lerch, IPC International, Inc., Mark Noble and Mark Geesaman to preclude any claims for malicious prosecution, wherein defendants assert that to prevail on a claim of malicious prosecution plaintiffs must prove that defendants maliciously initiated criminal proceedings against plaintiffs without probable cause and that such proceedings terminated in plaintiffs' favor, see Kelley v. Gen. Teamsters, Chauffeurs and Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988) but that in the instant matter, Officer Bloss of the Swatara Police Department, a non-party, initiated the criminal proceedings against plaintiff D.X.C. and thus plaintiffs cannot establish that defendants initiated criminal proceedings, and upon further consideration of the plaintiffs' brief in opposition (Doc. 30), wherein plaintiffs assert that Officer Bloss did not observe the incident and that the information used to form the alleged probable cause for the disorderly conduct charge against plaintiff must have come

from one or more of the defendant security officers, and the court finding that a private person may be liable for malicious prosecution if he directly instituted proceedings against the plaintiff or can be charged with responsibility for institution of the proceedings, see Bradley v. Gen. Acc. Ins. Co., 778 A.2d 707, 710-11 (Pa. Super. Ct. 2001), and that when a private individual provides information to an official and that official initiates charges *at his discretion*, the private individual is protected from liability, id. at 711; see also Griffiths v. CIGNA Corp., 988 F.2d 457, 467 (3d Cir. 1993) (interpreting Pennsylvania malicious prosecution law and holding that "when a person supplies accurate information to the police, that person, regardless of her motives and her actions in withholding other information, cannot be regarded as being responsible for the institution of criminal proceedings, so long as the police retain the complete discretion in determining whether to prosecute, and so long as that person does not conceal additional information requested by the police"), *overruled on other grounds by* Miller v. CIGNA Corp., 47 F.3d 586, 596 & n.8 (3d Cir. 1995), but when the individual provides knowingly false statements or directs or pressures an official to initiate charges "thereby making the officer's intelligent use of discretion impossible," he or she can be held responsible for instituting the proceedings, Bradley, 778 A.2d at 711 (citing RESTATEMENT (SECOND) OF TORTS § 653 cmt. g), and the court concluding that the record is unclear as to whether defendants made false statements or otherwise pressured Officer Bloss to initiate charges, it is hereby ORDERED that the motion in limine (Doc. 17) to

preclude any claims for malicious prosecution at trial is DENIED without prejudice to the right of defendants to re-raise the issue at trial.

                                                               S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge